IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF<br><br>DAVID VARGAS GUIDO<br><br>Debtor | **CASE NO.** 12-00313<br><br>Chapter 13 |

**OBJECTION TO CLAIM BY CRIM (POC#9) ON GROUNDS OF VIOLATION OF DISCHARGE IN CASE# 02-08468**

TO THE HONORABLE COURT:

Debtor, by counsel, objects to Proof of Claim Number 9, filed by CRIM in the amount of **$12,011.34(PRIORITY) PLUS $1477.20(UNSECURED) and alleges** the following reasons for same:

I.

1. Creditor CRIM has filed in this case a Proof of Claim #9   in the   amount of **$12,011.34(PRIORITY) PLUS $1477.20(UNSECURED)**.

2. Debtors objects to proof of claim by CRIM #9 , on the following grounds:

   a. On august 14,2002, debtor  had  filed a chapter 13 petition.

   b.  The number of his previous chapter 13 petition was **02-08468.**

   c. The 341 meeting was scheduled  for September 24,2002 at Hotel Melia, calle Cristina #75, Ponce,PR.

   d. On  02/05/2003, after a series of  required amendments, the case No.  02-08468 was confirmed. Copies submitted.1 EXHIBIT 1. ORDER CONFIRMING PLAN.

---

1  11 U.S.C. 1327 describes the effect of the confirmation of the Plan:

e. As per debtor's petition  creditor  CRIM was listed as unsecured priority. See attached  schedule E. EXHIBIT 2.

f. Debtor also included CRIM   in the Creditor's list matrix. Copies submitted. EXHIBIT 3.

g. Debtor also submits Trustee's   notice of the 341 meeting which included debtor's social security number and Trustee's record if CRIM as to claims .2 EXHIBIT 4.

h. Creditor  CRIM, received notices from debtor, but also from the Court and Trustee.

i. At no time CRIM made any attempt to communicate with debtor's attorney nor  appeared at the 341 meeting.

j. On 07/31/2007, debtor received the discharge on his previous chapter 13 petition, case no. 02-08468,as to of all the debts included in his chapter 13 petition. EXHIBIT 6.

k. The   filing of the POC #9 by CRIM  in the case at bar, constitutes a violation as to   the discharge entered on case 02-08468.

---

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

2.   For purpose of protecting debtor's privacy, only last four(4) digits of his social security number

2

l. The POC file by CRIM is not enforceable against the debtor, due to the

discharge received in the previous Chapter 13 case. 11 U.S.C. 524(a)(2).on which as

per evidence proffered, they were included as creditors.

m. The claim is not enforceable to any extent against the property of the

debtor.

n. For these reasons, CRIM's POC #9 has to be disallowed in its entirety.

3. Debtor object to the allowance of this CRIM's #9 claim under 11 USCA 502.

## II. Notice *of Order Requiring Written Response*

Within thirty (30) days after service as evidenced by the certification, and an additional
three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party
against whom this paper has been served, or any other party to the action who objects to the
relief sought herein, shall serve and file an objection or other appropriate response to this
paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no
objection or other response is filed within the time allowed herein, the objection will be
deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law;
(2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of
justice requires otherwise. If you file a timely response, the court may – in its discretion –
schedule a hearing.

WHEREFORE, the debtors request that, after notice and a hearing, the Court disallows

CRIM's claim No. 9 as filed, and for such other and further relief as may be just and proper.

In Mayaguez, Puerto Rico, July 22, 2012.

*MIRIAM S. LOZADA RAMÍREZ, ESQ.*
296 RAMON BETANCES SUR SUITE 5
Mayagüez, Puerto Rico 00680
TEL787-834-3004
FAX(787)986-7346
miriamlozada@gmail.com

is not visible.

CERTIFICATE OF SERVICE

I hereby certify that on this same date I electronically filed the above document with the

Clerk of the Court using ECF systems which sent a notification of such filing to all those who

have registered for receipt of notice by electronic mail. I further certify that I have served to

the US Trustee, ustpregion21.hr.ecf@usdoj.gov and to standing chapter 13 trustee Jose

Carrion, ecfmail@ch13-pr.com, and by depositing true and exact copies thereof in the United

States mail; postage prepaid to the non CM/ECF participants. As per master address list to all

parties in interest to their address of record. **CRIM was also served copies of objection via**

**fax(787)625-4073.**

In Mayaguez, Puerto Rico, JULY 22,2012.

**/S/MIRIAM S. LOZADA RAMIREZ, ESQ.**

4

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT FOR
COMMONWEALTH OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>VARGAS GUIDO, DAVID<br><br><br>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<br><br><br><br>Debtor(s) | CASE NO. 02-08468 SEK<br><br>Chapter 13<br><br><br><br>**FILED & ENTERED ON 2/5/2003** |

## ORDER CONFIRMING PLAN

The debtor's Chapter 13 plan was duly served on all parties. A hearing on confirmation of the plan was held after due notice to all parties in interest. Objections, if any, have been resolved. The Court hereby finds that each of the requirements for confirmation of a Chapter 13 plan pursuant to 11 U.S.C. 1325 (a) are met.

1. The debtor, or his employer, shall make the payments to the trustee required by the plan as confirmed or as hereafter modified. If the debtor does not cause such payments be timely made, the trustee may request the Court for an order directing the debtor's employer to make the appropriate payroll deductions and payments to the trustee or to pay the debtor's entire earnings and wages to the trustee [11 U.S.C. 1325 (c)]. Such an order may be issued without further notice.

2. The debtor shall obtain the approval of the trustee prior to incurring additional debt. The failure to obtain such approval may cause the claim for such debt to be disallowed pursuant 11 U.S.C. 1305 (c) and the debt to be non dischargeable [11 U.S.C. 1328 (d)].

3. If the debtor's plan is confirmed prior to the last day to file claims, or to object to the debtor's claim of exemptions, a modification of the confirmed plan pursuant to 11 U.S.C. 1329 may be required after these dates have past.

**Therefore, IT IS HEREBY ORDERED that the debtor's Chapter 13 plan dated 1/28/2003 (attached to d.e. #29) is CONFIRMED.**

### ALLOWANCE OF DEBTOR ATTORNEY'S FEES
The application for the allowance of reasonable compensation as authorized by 11 U.S.C. 330, having been considered, the court finds that a reasonable fee for the services performed and undertaken by such attorney is **$1,400.00.** Such fee, less any retainer, shall be paid by the trustee from the monies received under the debtor's plan, provided, however that such payments be deferred in time to payments which may be required to provide adequate protection of the interest of the holders of secured claims.

San Juan, Puerto Rico, this February 5, 2003.

Sara E. De Jesus
U.S. Bankruptcy Judge

CC: DEBTOR,
MIRIAM S LOZADA RAMIREZ,
JOSE RAMON CARRION MORALES,
FINANCE

*Exhibit 1*

# EXHIBIT 2

FORM B6E (4/98) West Group, Rochester, NY

In re DAVID VARGAS GUIDO _____ / Debtor   Case No. _____

(if known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS

Check the appropriate box(es) below if claims in that category are listed on the attached sheets.

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commisions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4300* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to $1950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance or Support**
Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, custom duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2001, end every three years thereafter with respect to cases commenced on or after the date of adjustment.

_1_ continuation sheets attached

Exhibit 2

FORM B6E (10/89) West Group, Rochester, NY

In re _DAVID VARGAS GUIDO_ _____ / Debtor  Case No. _____
(if known)

## SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

TYPE OF PRIORITY  _Taxes and Certain Other Debts Owed to Governmental Units_

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and consideration for Claim | Contingent | Unliquidated | Disputed | Total Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|
| | | H--Husband W--Wife J--Joint C--Community | | | | | |
| Account No: 33200718536001 _Creditor # : 1_ _CRIM_ _APARTADO 1308_ _CABO R8JO 00623_ | H | _Municipal/city taxes_ | | | | $ 2,393.00 | $ 1,000.00 |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No. _1_ of _1_ continuation sheets attached to

Schedule of Creditors

Subtotal $ 2,393.00
(Total of this page)

Total $ 2,393.00
(Use only on last page of the completed Schedule E. Report total also on Summary of Schedules)

# EXHIBIT 3

Label Matrix for local noticing
0104-3
Case 02-08468-BKT13
District of Puerto Rico
Old San Juan
Sun Jul 22 15:23:14 AST 2012

CITIBANK N A
MC 1135 701E 60TH STREET N
SIOUX FALLS, SD 57117

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

BANCO POPULAR
PO BOX 366818
SAN JUAN, PR 00936-6818

BANCO POPULAR
PO BOX 70100
SAN JUAN, PR 00936-8100

BANCO POPULAR DE PR
PO BOX 70354
SAN JUAN, PR 00936-8354

CITIBANK NA
P O BOX 8005
SOUTH HACKENSAC, NJ 07606

COMMOLOCO
263 CALLE COLON
MAYAGUEZ, PR 00681

(p)SPRINGLEAF FINANCIAL SERVICES
P O BOX 3251
EVANSVILLE IN 47731-3251

CRIM-CABO ROJO
APARTADO 1308
CABO ROJO, PR 00623-1308

SEARS CARD
PAYMENT CENTER PR
PO BOX 105491
ATLANTA, GA 30348-5491

SEARS ROEBUCK DE PR
PO BOX 71204
SAN JUAN, PR 00936-7604

US ATTORNEY OFFICE DISTRICT OF PR
350 CHARDON TORRE CHARDON STE-1201
SAN JUAN, PR 00918

USDA RHS
PO BOX 790170
SAINT LOUIS, MO 63179-0170

USDA RURAL HOUSING SERVICE
CENTRALIZED SERVICING CENTER
P.O. BOX 66879
ST. LOUIS, MO 63166-6879

WESTERNBANK
PO BOX 1180
MAYAGUEZ, PR 00681-1180

DAVID VARGAS GUIDO
1-3 CALLE 1 URB ANA MARIA
CABO ROJO, PR 00623-4856

JOSE RAMON CARRION MORALES
PO BOX 9023884
SAN JUAN, PR 00902-3884

MIRIAM SOCORRO LOZADA RAMIREZ
MIRIAM LOZADA RAMIREZ,ESQ.
296 RAMON EMETERIO BETANCES SUR
SUITE 5
MAYAGUEZ, PR 00680

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

COMMOLOCO INC
PO BOX 363769
SAN JUAN, PR 00936-3769

End of Label Matrix
Mailable recipients    18
Bypassed recipients     0
Total                  18

*Exhibit 3*

# EXHIBIT  4(A)

FORM B9I (Chapter 13 Case) (9/97)

## United States Bankruptcy Court DISTRICT OF PUERTO RICO

## Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

An order for relief under Chapter 13 of Title 11 U.S.C. was entered on August 14, 2002 upon filing of a petition by the above debtor(s). The debtor(s) shall the appear for examination and to present a plan for the adjustmens of debts. Failure of the debtor(s), his attorney to appear at the 341(a) meeting or to timely file statement and plan my result in dismissal.

You may be a creditor of the debtor. THIS NOTICE LISTS IMPORTANT DEADLINES. You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### SEE PAGE 2 FOR IMPORTANT EXPLANATIONS.

| Addressee: | Case Number: 02-08468 |
|---|---|
| | Social Security/Taxpayer ID Nos.:<br>SSN: ~~███~~-7093<br>EIN: |
| Debtor:<br>    VARGAS GUIDO, DAVID<br>    BOX 863<br>    BOQUERON, PR 00622 | Joint Debtor: |
| Attorney for Debtor:<br>    MIRIAM S LOZADA RAMIREZ<br>    CALLE RIERA PALMER 62<br>    MAYAGUEZ, PR 00680-3925<br><br>    Telephone Number: (787) 834-3004 | Attorney for Joint Debtor:<br><br><br><br><br>    Telephone Number: |
| Judge:<br>    SARA DE JESUS | Bankruptcy Trustee:<br>    JOSE RAMON CARRION MORALES<br>    PO BOX 9023884<br>    SAN JUAN, PR 00902-3884<br><br>    Telephone number: (787) 977-3535 |

### MEETING OF CREDITORS
September 24, 2002, 01:00 P.M., HOTEL MELIA, CALLE CRISTINA #75, PONCE PR 00731

### DEADLINES:
Papers must be received by the bankruptcy clerk's office by the following deadlines:

DEADLINE TO FILE A PROOF OF CLAIM:
For all creditors (except a governmental unit): December 23, 2002      For a governmental unit: February 10, 2003

Deadline to Object To Exemptions:
Thirty (30) days after the conclusion of the meeting of creditors.

### CONFIRMATION HEARING

If no objection are filed or anticipated, the hearing on confirmation will be held on a date to be notified at the 341 meeting. If objections are filed or anticipated, the Chapter 13 trustee will give written notice of the confirmation hearing date to all creditors and parties in interest

### CREDITORS MAY NOT TAKE CERTAIN ACTIONS

The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

| Address of the Bankruptcy Clerk's Office:<br>    US Post Office and Courthouse<br>    1st Fl Ste 109 300 Recinto Sur<br>    Old San Juan, PR 00901<br><br>Telephone number: (787) 977-6000 | For the Court:<br><br>Clerk of the Bankruptcy Court:<br>Celestino Matta-Mendez |
|---|---|
| Hours Open: | Date: August 19, 2002 |

Exhibit 4(c)

# EXHIBIT 4(B)

17/06/12                                                    Claim 2

## Claim 2   CRIM
APARTADO 1308
CABO ROJO PR 00623
(000) 000-0000

(Use CTRL-P to Print this Page)
Close Window

**Next Disbursement Info**

### CLAIM DETAIL

| | |
|---|---|
| Case Number | 0208468 |
| Creditor | CRIM |
| Trustee's Claim Number | 2 |
| Court's Claim Number | 0 |
| Claim Type | N - NOTICE ONLY (S) |
| Claim Filed Date | |
| Mortgage Due Date | |

### CLAIM AMOUNTS

| | |
|---|---|
| Claimed Amount | $0.00 |
| Scheduled Amount | $1,000.00 |
| Amount Paid Outside | $0.00 |
| Monthly Payment | $0.00 |
| Principal Owed | $0.00 |
| Principal Paid | $0.00 |
| Principal Due | $0.00 |
| Interest Rate | 0.00 |
| Interest Paid | $0.00 |
| Interest Due | $0.00 |
| Collateral Value | $0.00 |
| Collateral Description | |
| Limit | $0.00 |
| Plan Code | $0.00 |
| Percent Allowed | 100.00 |
| Months to Calculate | 0.00 |

### CLAIM FLAGS

| | |
|---|---|
| Payee Level | 0 |
| Comment | |
| Account Number | xxxxxxxxxxxxxxxx6001 |
| No Cost | |
| No Check | |
| Delete | |
| Reserve | |
| Stop Disbursement | |
| Continuing | |
| Special | |



Disbursements to this Claim

### PAYMENT HISTORY FOR CLAIM 2 - CRIM

| Disb Date | Check Number | Payee Name | Type | Amount |
|---|---|---|---|---|
| (Latest Payments First) | | Insurance- | | Prev. Cred- |

### CREDITOR INFORMATION

| | |
|---|---|
| Creditor Name | CRIM |
| Address 1 | APARTADO 1308 |
| Address 2 | |
| Address 3 | CABO ROJO PR |
| Zip Code | 00623-0000 |
| Contact Name | |
| Phone Number | (000) 000-0000 |
| Creditor Number ShortCut | 365903 |

| Additional Names and Addresses | | Date of Last Change |
|---|---|---|
| Payee: | CRIM ● APARTADO 1308 ● CABO ROJO ● PR ● 00623 | 7/1/2005 |
| | CRIM ● APARTADO | |

*Exhibit 4 (b)*

66.194.155.139/13netv3/inqPayeeDetail.aspx?progskip=~&payeeid=192612                        1/3

# EXHIBIT 5

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

DAVID  VARGAS GUIDO

CASE NO. 02-08468 BKT

Chapter 13

XXX-XX-7095

FILED & ENTERED ON 07/31/2007

Debtor(s)

DISCHARGE OF DEBTOR AFTER COMPLETION OF CHAPTER 13 PLAN

It appearing that the debtor is entitled to a discharge.
IT IS ORDERED:

The debtor is granted a discharge under section 1328(a) of title 11,
United States Code, (the Bankruptcy Code).

San Juan, Puerto Rico, this 31 day of July, 2007.

Brian K. Tester
U. S. Bankruptcy Judge

cc: All creditors

SEE THE BACK THIS ORDER FOR IMPORTANT INFORMATION.

Exhibit 5

Case:02-08468-BKT13 Doc#:40 Filed:07/31/07 Entered:07/31/07 17:54:52 Desc: Main
Case:12-00313-EAG7 Doc#:47 Filed:07/22/12 Entered:07/22/12 20:52:39 Desc: Main
Document    Page 18 of 18

EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain *community property* owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay any damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntary pay any debt that has been discharged.

Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharges if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 13 bankruptcy case are:

a. Debts that are in the nature of alimony, maintenance, or support;
a. Debts for most student loans;
b. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
c. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;
d. Debts provided for under section 1322(b) (5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due; and
e. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.